1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9  Rudy Eidenbock, et al.,                )   No. CV 05-2327-PHX-MHM
                                          )
10              Plaintiffs,               )   **ORDER**
                                          )
11 vs.                                    )
                                          )
12                                        )
   Charles Schwab & Co., Inc.,            )
13                                        )
                Defendant.                )
14                                        )
                                          )
15 _____)

16

17        Plaintiffs Rudy Eidenbock, Mark D. Freese, Marna Bennett, Joyce Walther, Brian

18 Kearney, and Paul Warg, Jr., all former or current employees of Defendant, have sued

19 Defendant asserting claims based on age discrimination under the Age Discrimination in

   Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., (Count One), and retaliation under
20
   Title VII, 42 U.S.C. §§ 2000e et seq.  (Count Two).  The complaint was filed on August 3,
21
   2005 and sets forth class action allegations.  Defendant has filed a motion to dismiss all
22
   Plaintiffs' claims as to both counts as time-barred and thus for failure to state a claim upon
23
   which relief may be granted under Fed.R.Civ.P. 12(b)(6). (Doc. 6).  Plaintiffs have filed a
24
   motion for extension of time to file a response which is granted.  (Doc. 7).  Plaintiffs have
25
   filed a response in opposition (Doc.  8) and Defendant has filed a reply.  (Doc. 11).  The
26
   Court has determined that oral argument would not materially assist in the determination of
27

28

1    the pending motion. The Court enters this Order on Defendant's motion to dismiss the complaint.

2                                             I.

3                                   Standard of Review.

4             When reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts the

5    allegations in the complaint as true and construes them in the light most favorable to the

6    plaintiff.  Sosa v. Hiraoka, 920 F.2d 1451, 1455 (9th Cir. 1990).  The Court must draw all

7    reasonable inferences in favor of the non-moving party.  Salim v. Lee, 202 F. Supp. 2d 1122,

8    1125 (C.D. Cal. 2002).  Dismissal is proper "only if it appears beyond doubt that the plaintiff

9    can prove no set of facts in support of his claim which would entitle him to relief."  Gibson

10   v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986). "Dismissal can be based on the lack

11   of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

12   theory."  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  "The issue is

13   not whether a plaintiff's success on the merits is likely but rather whether the claimant is

14   entitled to proceed beyond the threshold in attempting to establish his claims."  De La Cruz

15   v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978).  The Court must determine whether or not it

16   appears to a certainty under existing law that no relief can be granted under any set of facts

17   that might be proved in support of plaintiff's claims.  Id.

18                                            II.

19                                    Background.

20            Plaintiffs generally allege in the complaint that during their employment with

21   Defendant, they were subjected to age discrimination and retaliatory adverse employment

22   decisions "including but not limited to, being denied management or lateral positions when

23   Defendant initiated layoffs, consolidations, or reorganizations, being terminated, and/or being

24   threatened by Defendant that it would make false reports concerning plaintiffs ..."

25   (Complaint, paragraph 40).  Plaintiffs have not referred to any right-to-sue letters in the

26   Complaint and no right-to-sue letters were attached to the complaint.  Defendant has

27   submitted copies of each of Plaintiff's many charges and right-to-sue letters to its motion to

28   dismiss.

                                          - 2 -

1    Courts may consider exhibits to motions where the allegations in the complaint are

2    based on such documents and the plaintiff has neglected to attach them to the complaint.

3    Dixon v. Philadelphia Hous. Auth., 43 F. Supp.2d 543, 545 (E.D.Pa. 1999).  This rule

4    prevents a plaintiff with a legally deficient claim from surviving a motion to dismiss simply

5    by failing to attach a dispositive document on which it relied.  Id.  The district court 's

6    consideration of a right-to-sue letter does not convert the defendant's motion to dismiss into

7    one of summary judgment.  Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998).

8    Plaintiffs Eidenbock and Freese previously filed suit against Defendant on July 22,

9    2004 in the case of Eidenbock et al. v. Charles Schwab & Co., Inc., Case No. CV-04-1500-

10   DGC-PHX.  The case was ordered dismissed upon the Court's Order finding that the claims

11   had been filed prematurely.  After dismissal of this case, five of the six Plaintiffs filed

12   "amended" charges with the EEOC.  Defendant contends that each of Plaintiffs' amended

13   charges rehash the allegations in their previous charges or are otherwise untimely and must

14   be dismissed.

15                                              III.

16                               Plaintiffs' EEOC Charges.

17   (A)    Plaintiff Eidenbock's three EEOC charges and his right-to-sue letters.

18   On January 29, 2004, Plaintiff Eidenbock filed a charge of discrimination alleging that

19   Defendant had retaliated against him for cooperating in an age discrimination charge filed

20   by a co-worker on July 23, 2002.  Eidenbock alleged in the charge that he had been rejected

21   from "approximately 21 positions," he had "received an unsupported below average

22   evaluation," and on January 26, 2004 he had been "discharged for mishandling a client

23   account."  Eidenbock alleged January 26, 2004 as the latest date of discrimination.  He

24   checked the box for "retaliation" only, alleging a violation of the ADEA and Title VII.  The

25   charge did not include any age or class action allegations.  On April 29, 2004, the EEOC

26   issued a right-to-sue letter, finding no reasonable cause to support Eidenbock's allegations.

27   On September 16, 2004, Eidenbock filed an "amended" charge with the EEOC.  This

28   "amended" charge was identical in all respects to his original charge, except as follows: (i)

                                           - 3 -

1    he checked the box for age discrimination and added "I believe that I have been

2    discriminated against due to my age, 43"; and (ii) he checked the box for sex discrimination

3    and added "I believe that I have been discriminated against ... due to my sex, male ..."

4    Plaintiff Eidenbock indicated that the latest alleged discrimination date was January 26,

5    2004, the date he left his employment with Defendant and the date indicated in his original

6    charge. Plaintiff Eidenbock's "amended" charge did not include any class allegations. The

7    EEOC did not issue a right-to-sue letter on the "amended" charge as Mr. Eidenbock's file was

8    closed on April 29, 2004, the date the EEOC issued the right-to-sue letter on Eidenbock's

9    original charge.

10          On February 13, 2005, Plaintiff Eidenbock filed a third charge with the EEOC which

11   he styled as his "second amended charge."  Mr. Eidenbock's third charge included the same

12   allegations as his two prior charges but he checked only the boxes for age discrimination and

13   retaliation, dropping the sex discrimination charge that had been indicated in his "amended

14   charge."  In this "second amended charge", Plaintiff Eidenbock alleged that "[b]eginning on

15   or about March 2001 and continuing up to the present," Defendant began laying off older

16   employees in favor of younger, less-qualified applicants to save money and that complaints

17   to management had resulted in "retaliation, harassment, a hostile work environment, and

18   invasion of privacy," including "job reassignments, inappropriate discipline and, ultimately,

19   termination."  Plaintiff Eidenbock stated that January 26, 2004 was the date of the latest

20   discrimination.  The EEOC issued a right-to-sue letter on August 16, 2005.

21   (B)    Plaintiff Freese's two EEOC charges and right-to-sue letters.

22          On July 1, 2004, Mr. Freese filed a charge alleging that he had been "wrongfully

23   terminated due to [his] age" and that March 25, 2004 was the date of the latest

24   discrimination.  The date of March 25, 2004 was the date Plaintiff Freese left Defendant's

25   employment.  Plaintiff Freese checked the box for age discrimination only, alleging a

26   violation of the ADEA.  This first charge did not include any class allegations.  On July 16,

27   2004, the EEOC closed the case at the request of Plaintiff Freese and issued him a right-to-

28   sue letter at his request.  Plaintiff relied on this charge when he filed the original complaint

1    and action in the previous case before Judge Campbell.  As mentioned above, this previous

2    lawsuit was dismissed as premature.

3    On March 5, 2005, Plaintiff Freese filed an "amended" charge with the EEOC.  Mr.

4    Freese's "amended" charge included the verbatim statement of class allegations from Plaintiff

5    Eidenbock's third EEOC charge.  Plaintiff Freese's "amended" charge included the same

6    allegations as his first charge, but Mr. Freese checked the box for age discrimination and the

7    box for retaliation.   He indicated that March 25, 2004 was the date of the latest

8    discrimination.  A right-to-sue letter issued on August 16, 2005.

9    (C)    Plaintiff Bennett's two EEOC charges and right-to-sue letters.

10   On July 26, 2004, Plaintiff Bennett filed a charge alleging age discrimination.  In this

11   charge, Plaintiff Bennett alleged that she had been denied at least two lateral transfers

12   regarding positions that had been filled by younger individuals, and that Defendant had

13   treated her disparately by placing her on administrative leave for giving advice to a customer.

14   Plaintiff Bennett indicated that July 26, 2004, was the date of the latest discrimination.  She

15   checked the box for age discrimination only, alleging a violation of the ADEA.  This first

16   charge did not include class allegations.  On August 17, 2004, the EEOC closed the case and

17   issued Plaintiff Bennett a right-to-sue letter at her request.

18   Approximately one month after the previous lawsuit was dismissed, Plaintiff Bennett

19   on March 16, 2005 filed an "amended" charge with the EEOC.  Plaintiff Bennett's "amended"

20   charge included the verbatim statement of class allegations as Plaintiff Eidenbock's third

21   EEOC charge.  This "amended" charge included similar allegations as in her first charge,

22   except that Plaintiff Bennett checked the box for age discrimination and the box for

23   retaliation. Plaintiff Bennett again indicated that July 26, 2004 was the date of latest

24   discrimination. On August 16, 2005, the EEOC issued a right-to-sue letter at Bennett's

25   request as to this "amended" charge.

26   (D)    Plaintiff Walther's four EEOC charges and right-to-sue letters.

27   On July 23, 2002, Plaintiff Walther filed an EEOC charge against Defendant alleging

28   age and sex discrimination based on the denial of positions in December 2001, February

2002 and June 2002.  As to each position, Plaintiff Walther alleged that Defendant had filled the position with less qualified applicants who were younger and/or male.  She alleged June 12, 2002 as the date of the latest discrimination.  Plaintiff Walther checked the box for sex and age discrimination, alleging violations of the ADEA and Title VII.  She did not include any class allegations. On July 30, 2003, the EEOC found no reasonable cause to support Plaintiff Walther's charge and issued a right-to-sue letter.

On October 21, 2003, Plaintiff Walther filed a second EEOC charge.  She alleged that in December 2002, Defendant denied her a position that was filled by "two less qualified co-workers", a man and a woman.  Walther alleged February 13, 2003 as the latest date of discrimination and checked the boxes for sex discrimination, age discrimination and retaliation based on violations of Title VII and the ADEA.  This charge did not contain class allegations. On January 28, 2004, the EEOC found no reasonable cause to support the allegations and issued a right-to-sue letter.

On June 30, 2004, Plaintiff Walther filed her third EEOC charge.  She alleged that on June 10,2004, she had been "forced to retire ... due to violations" of Defendant's "Attendance policies" and that she had been denied a lateral transfer and a promotion in October 2003 and April 2004.   Plaintiff Walther stated that June 10, 2004 was the date of the latest discrimination.  Walther checked the boxes for age discrimination and retaliation, alleging ADEA violations.  This charge did not include any class allegations.  On July 30, 2004, the EEOC closed the case and issued Ms. Walther a right-to-sue letter at her request.

On February 16, 2005, some  two weeks after the dismissal of the previous federal suit, Plaintiff Walther filed an "amended" or fourth charge with the EEOC.  She checked the box for retaliation and the box for age discrimination. Plaintiff Walther's fourth charge included a verbatim statement of class allegations as contained in Plaintiff Eidenbock's third EEOC charge.  Plaintiff Walther's fourth charge encompassed similar allegations included in her prior charge and again identified June 10, 2004 as the date of latest discrimination. On August 16, 2005, the EEOC issued a right-to-sue letter on Walther's request.

(E)    <u>Plaintiff Kearney's two EEOC charges and his right-to-sue letters.</u>

On July 2, 2004, Plaintiff Kearney filed a charge alleging age discrimination.  Mr. Kearney alleged that, beginning in 1995, he was subjected to "derogatory age-based comments from coworkers and managers." He further alleged that since 2002, he was not selected for several positions because of his age.  Plaintiff Kearney identified July 2, 2004 as the date of latest discrimination.  Mr. Kearney checked the box for age discrimination only, in violation of the ADEA.  This charge did not include class allegations.  On July 30, 2004, the EEOC closed the case and issued Plaintiff Kearney a right-to-sue letter at his request.

On March 1, 2005, approximately one month after the previous federal lawsuit was dismissed, Plaintiff Kearney filed an "amended" charge with the EEOC.  Plaintiff Kearney's second charge included a verbatim statement of class allegations from Plaintiff Eidenbock's third EEOC charge.  Plaintiff Kearney's second charge encompassed the same allegations included in his prior charge.  However, he also checked the box for age discrimination and the box for retaliation.  Plaintiff Kearney identified the latest date of discrimination as March 25, 2004, not July 2, 2004 as identified in his first charge.  On August 16, 2005, the EEOC issued a right-to-sue letter at Mr. Kearney's request.

(F)   <u>Plaintiff Warg's one EEOC charge and right-to-sue letter</u>.

On June 30, 2004, Plaintiff Warg filed a charge alleging age discrimination as based on being "forced into early retirement for alleged performance issues." Plaintiff Warg identified March 30, 2004 as the date of latest discrimination.  Mr. Warg checked the box for age discrimination only, alleging a violation of the ADEA.  This charge did not include any class allegations.  On July 30, 2004, the EEOC closed the case and issued a right-to-sue letter at Mr. Warg's request.

IV.

<u>Discussion</u>.

Defendant contends that the claims of Plaintiffs Eidenbock, Freese and Kearney are time-barred under the ADEA because their EEOC charges were not filed within 300 days of the date of the latest act of discrimination.  Defendant contends that Plaintiff Warg's suit is

barred because he failed to file suit within 90 days after receiving his right-to-sue letter from the EEOC. Defendant contends that Plaintiffs cannot restart the 90-day statute of limitation period triggered by receipt of their original right-to-sue letters by filing "amended" charges that encompass the same alleged conduct set forth in the original charge.

(A)    Plaintiffs Eidenbock, Freese and Kearney.

The ADEA requires that an aggrieved person file a charge with the EEOC or state agency before bringing age discrimination or retaliation claims against his or her employer. See 29 U.S.C. § 626(d). The same holds true for Plaintiff's claims based on Title VII. See 42 U.S.C. § 2000e-5(e)(1). Plaintiffs here have asserted claims based on age discrimination and retaliation under the ADEA and thus the ADEA is the proper statute for consideration. The ADEA mandates that any charge must be filed with the EEOC within 180 days of the alleged discriminatory act. 29 U.S.C. § 626(d)(1). Arizona is a "deferral state" because it has its own state anti-discrimination law and enforcement agency, which extends the time to file a charge under the ADEA to 300 days. See 29 U.S.C. § 626(d)(2). See also, Tylor v. Reynolds Metals Co., 600 F.2d 232, 233-34 (9th Cir. 1979). "Failure to file a charge within these required time limits generally prevents a person from litigating the claim." Sanchez v. Pacific Powder Co., 147 F.3d 1097, 1099 (9th Cir. 1998)(ADEA claim); Bodett v. Coxcom, Inc., 366 F.3d 736, 740 n.2 (9th Cir. 2004)(retaliation claim).

Pursuant to EEOC regulation, 29 C.F.R. § 1601.12(b):

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

As Defendant points out in its reply, EEOC regulations provide that where a "charge filed ... under the ADEA is dismissed or the Commission's proceedings are otherwise terminated, the Commission will issue a Notice of Dismissal or Termination ...." 29 C.F.R. § 1626.17(a)(1). The regulations further provide that "[i]ssuance of a notice of right to sue

1    shall terminate further proceedings ..." 29 C.F.R. § 1601.28(a)(3). "[W]here the EEOC has

2    issued a right to sue letter, its review of the charge is terminated." Riley v. American Fam.

3    Mut. Ins., Co., 881 F.2d 368, 371 (7th Cir. 1989). In addition, where a right-to-sue letter has

4    issued, and the EEOC has closed its file, there is no longer a charge pending before the

5    EEOC which is capable of being amended. Balazs v. Liebenthal, 32 F.3d 151, 157 (4th Cir.

6    1994).

7         Plaintiff Eidenbock filed his third and final EEOC charge on February 13, 2005 and

8    stated in this charge that the date of the latest discrimination was January 26, 2004.

9    Defendant contends that this third EEOC charge was filed 384 days after the date of the last

10   act of discrimination and therefore the charge is time-barred.

11        Plaintiff has responded that the text of his first charge filed on January 29, 2004

12   identifies both retaliation and age discrimination but that the EEOC inadvertently failed to

13   check the box for "age" when completing the form. According to Plaintiff, this is confirmed

14   in the Notice of Charge of Discrimination which notified the employer that charges of

15   employment discrimination had been filed against it based on both Title VII and the Age

16   Discrimination in Employment Act. (Plaintiff's Exhibit 2). Plaintiff Eidenbock states in his

17   papers that he consulted with the EEOC regarding the apparent omission in his first charge

18   and he thereafter filed an "amended" charge on September 16, 2004 in which he checked the

19   box for "age". Plaintiff Eidenbock further states that in this "amended" charge the box for

20   sex discrimination was inadvertently checked by the EEOC. Plaintiff Eidenbock argues that

21   the second charge was filed to correct the omission in the first charge. He further contends

22   that he filed his third charge, referred to as the second amended charge, on February 13,

23   2005, to clarify the original and amended charges by stating with specificity the bases for his

24   age discrimination and retaliation claims. In sum, Plaintiff contends that the two amended

25   charges that followed his original charge relate back to his timely-filed original charge.

26        However, as to Plaintiff Eidenbock's first charge filed on January 29, 2004, the EEOC

27   issued a right-to-sue letter on April 29, 2004. As for Plaintiff Eidenbock's "amended" or

28   second charge filed on September 16, 2004, the EEOC issued a right-to-sue letter on April

29, 2004.  Plaintiff Eidenbock's first and second charges were closed when he filed his third charge on February 13, 2005.  The date of the last act of discrimination is identified in this third charge as January 26, 2004, a date more than 300 days after the filing date of the third charge.  Plaintiff Eidenbock's claim is therefore time-barred.

Defendant contends that Plaintiff Freese filed his second EEOC charge on March 5, 2005, and gave March 25, 2004 as the date of the last act of discrimination.  Based on these dates, Defendant contends that Plaintiff Freese filed his second charge 346 days after the date of the last discriminatory act and his claims are time-barred.  Plaintiff Freese has responded that his first charge filed on July 1, 2004 contained bare allegations and he filed his "amended" or second charge on March 5, 2005 which significantly clarified the bare allegations of his original charge. Plaintiff Freese additionally points out that his "amended" or second charge alleged a new claim of retaliation arising from the age discrimination claim. Plaintiff Freese contends that the "amended" or second charge he filed relates back to his original timely-filed charge.

As with Plaintiff Eidenbock, the EEOC issued a right-to-sue letter as to Plaintiff Freese's original charge on July 16, 2004.  This first charge therefore was closed at the time Plaintiff Freese filed his "amended" or second charge on March 5, 2005.  Plaintiff Freese indicated in this "amended" charge that the last act of discrimination occurred on March 25, 2004.  As Plaintiff Freese filed the "amended" or second charge on March 5, 2005, a date 346 days after the date of the last discriminatory act, Plaintiff Freese's claims are time-barred.

Defendant contends that Plaintiff Kearney filed his second charge on March 1, 2005 alleging therein that the last act of discrimination occurred on March 25, 2004.  Plaintiff Kearney's second charge was filed 342 days after the date of the last act of discrimination and thus is time-barred.  As with Plaintiff Freese, Plaintiff Kearney contends that his original charge filed on July 2, 2004 contained bare allegations and he filed his "amended" or second charge on March 1, 2005 which significantly clarified the bare allegations of the original charge and added a retaliation claim. Plaintiff Kearney argues that the "amended" charge relates back to the original timely filed charge.

1         As with Plaintiffs Eidenbock and Freese, the EEOC issued a right-to-sue letter as to

2   Plaintiff Kearney's first charge on July 30, 2004. This original charge was closed as of the

3   March 1, 2005 filing date of the "amended" or second charge.  As Plaintiff Kearney's

4   "amended" or second charge was filed on March 1, 2005, a period of 342 days from the date

5   of the last act of discrimination, his claims are time-barred.

6   (B)   <u>Plaintiff Warg</u>.

7         The ADEA provides that a civil action may be brought "within 90 days after the date

8   of the receipt" of a right-to-sue letter from the EEOC.  29 U.S.C. § 626(e).  See (Doc. 6,

9   Exhibit 28).  This 90-day period is a statute of limitations that generally bars untimely claims.

10  <u>See</u> <u>Valenzuela v. Kraft, Inc.</u>, 801 F.2d 1170, 1174 (9th Cir. 1986); <u>Mitchell v. Los Angeles</u>

11  <u>Comm. Coll. Dist.</u>, 861 F.2d 198, 202 (9th Cir. 1988).

12        Plaintiff Warg filed one EEOC claim.  The EEOC mailed Plaintiff Warg a right-to-sue

13  letter on July 30, 2004.  Plaintiff is presumed to have received the right-to-sue letter within

14  three days after issuance. <u>Baldwin County Welcome Ctr. v. Brown</u>, 466 U.S. 147, 148 n.1

15  (1984)(per curiam)(the presumed date of receipt of right-to-sue letter was 3 days after

16  issuance under Fed.R.Civ.P. 6(e)); <u>Nelmida v. Shelly Eurocars, Inc.</u>, 112 F.3d 380, 383-84

17  (9th Cir. 1997)(similar holding).  Plaintiff Warg therefore had until November 1, 2004 to file

18  suit against Defendant.  The complaint in this case was filed on August 5, 2005, more than

19  nine months after Plaintiff Warg received the right-to-sue letter.

20        Plaintiffs contends that Plaintiff Warg filed an "amended" or second charge on or

21  about March 10, 2005 and that such "executed" charge will be forthcoming. Plaintiffs have

22  attached as Exhibit 26 to their response an unsigned and undated "amended" charge bearing

23  the name of Paul A. Warg, Jr.  (Doc. 8, Exhibit 26).  The Court has declined to consider this

24  unsigned, undated document.  Plaintiff Warg's claim is time-barred.

25  (C)   <u>Plaintiffs Bennett and Walther</u>.

26        Plaintiff Bennett filed an "amended" or second EEOC charge on March 16, 2005.

27  Plaintiff Bennett stated in this "amended" charge that the date of latest discrimination was

28

1    July 26, 2004, a date within 300 days of the filing date of the charge.  On August 16, 2005,

2    the EEOC issued a right-to-sue letter at Bennett's request as to this "amended" charge.

3            Plaintiff Walther filed  an "amended" charge, which was her fourth charge, on

4    February 16, 2005.  Plaintiff Walther stated in this "amended" charge that the date of latest

5    discrimination was June 10, 2004, a date within 300 days of the filing date of this "amended"

6    charge.   On August 16, 2005, the EEOC issued a right-to-sue letter as to Walther's

7    "amended" charge.

8            As can be seen, these Plaintiffs filed the complaint in the instant case within 90 days

9    of receiving their right-to-sue letters on these "amended" charges.[1]  Nonetheless, Defendant

10   contends that these "amended" charges did not restart or revive the 90-day period for filing

11   suit because the "amended" charges covered the same subject matter as the earlier charges.

12           Generally, "[a] potential plaintiff may not evade the 90 day time limitation by filing

13   successive EEOC charges."  Lo v. Pan Am, 787 F.2d 827, 828 (2d Cir. 1986).  The time

14   limitations otherwise "would be meaningless because potential plaintiffs could evade those

15   requirements simply by seeking additional right to sue letters whenever they please."  Id., at

16   828.  Subsequent charges that re-allege conduct encompassed by a prior charge have no legal

17   effect.   See Vitello v. Liturgy Training Pub., 932 F. Supp. 1093, 1098 (N.D. Ill. 1996).

18   Where the allegations are different, even though related, courts have held that the plaintiff

19   is entitled to rely on the later right-to-sue letter.  See Goodluck v. Kelly Tractor Co., 733 F.

20   Supp. 1479, 1481 (S.D.Fla. 1990). Generally, "'[t]he jurisdictional scope of a Title VII

21   claimant's court action depends on the scope of both the EEOC charge and the EEOC

22   investigation.'"   Equal Employment  Opportunity Commission v. National Education

23

24

---

25           [1]It does not appear that Defendant has contested that Plaintiffs Bennett and Walther

26   complied with the 60-day waiting period imposed by the ADEA before filing suit in this

27   case.  See Dempsey v. Pacific Bell Co., 789 F.2d 1451, 1452 (9th Cir. 1986)(an ADEA civil
     action may not be commenced until at least 60 days after filing the appropriate charge, citing

28   29 U.S.C. §§ 626(d), 633 (b)).

1   <u>Association, Alaska</u>, 422 F.3d 840, 847 (9th Cir. 2005(quoting <u>Sosa v. Hiraoka</u>, 920 F.2d

2   1451,1456 (9th Cir. 1990)).

3       Plaintiff Bennett filed her original charge on July 26, 2004 complaining that from

4   2002, she had applied for several positions for which she was qualified but had not been

5   selected on account of her age, over forty.  She checked the box for age discrimination only

6   and identified July 26, 2004 as the date the discrimination took place.  Plaintiff Bennett was

7   issued a right-to-sue letter on this charge on August 17, 2004.  In her "amended" charge filed

8   on March 16, 2005, Plaintiff Bennett complained about being denied lateral positions and

9   management positions, again identifying July 26, 2004 as the date the discrimination

10  occurred.  She checked the boxes for age discrimination and retaliation.  Plaintiff Bennett

11  further stated that when she had complained to management, she was subject to retaliation,

12  harassment, a hostile work environment, invasion of privacy, job reassignments,

13  inappropriate discipline and termination.  Plaintiff Bennett included in this "amended" charge

14  allegations on behalf of other employees whom she claimed had similarly been denied

15  management positions and lateral transfers.  She claimed that she had been discriminated

16  against on the basis of age and that she had been retaliated against.  In the right-to-sue letter

17  issued as to this charge, it was stated that the letter was being issued "only to include the

18  additional bases of Retaliation and issues of denial of transfer, harassment, terms and

19  conditions, and termination not addressed in the original Notice of Right to Sue issued on

20  July 30, 2004."

21      Plaintiff Bennett alleged facts, that is, denial of positions based on age discrimination,

22  in her original charge.  She also checked the box indicating age discrimination as to this first

23  charge.  In her "amended" or second charge, Plaintiff Bennett  alleged circumstances based

24  on denial of promotions and transfers based on age discrimination.  These circumstances

25  were encompassed within her first charge.  Plaintiff Bennett did not file suit within 90 days

26  of receiving the right-to-sue letter issued as to her first or original charge.  However, Plaintiff

27  Bennett further alleged in her "amended" or second charge  circumstances relating to

28  retaliation which were not encompassed within her first or original charge.  Plaintiff Bennett

1    may proceed in this lawsuit on the retaliation claim since the complaint was filed within 90

2    days of the issuance of the right-to-sue letter regarding the "amended" or second charge.

3           Plaintiff Walther in her third charge filed on June 30, 2004, complained that she had

4    been forced to retire due to her employer's attendance polices and had been denied a lateral

5    transfer in October 2003 and a promotion in April 2004. She checked the boxes for age

6    discrimination and retaliation.  She did not allege any facts in support of retaliation.  She

7    received a right-to-sue letter on June 30, 2004 as to this third charge. In her "amended" or

8    fourth charge filed on February 16, 2005, Plaintiff Walther complained about being denied

9    management positions and lateral transfers between March 2001 and June 2004 but did not

10   relate facts specific to the claim.  Plaintiff Walther stated that when she complained to

11   management, she had been retaliated against, including job reassignments, inappropriate

12   discipline and ultimately termination. She also complained that her employment termination

13   had been pretextual.  Plaintiff Walther included allegations on behalf of other employees

14   whom she claimed had similarly been denied management positions and lateral transfers.

15   Plaintiff Walther checked the boxes for age discrimination and retaliation as to this

16   "amended" or fourth charge.  The right-to-sue letter issued as to this charge states that it is

17   being issued "only to the additional issues of harassment and terms and conditions not

18   addressed in the original Notice of Right to Sue issued on July 30, 2004."

19          Plaintiff Walther in her third charge alleged facts, that is, denial of promotion and

20   lateral transfers, in support of an age discrimination claim.  She did not allege any facts in

21   support of a retaliation claim even though she checked the box indicating retaliation.

22   Plaintiff Walther in her "amended" or fourth claim alleged age discrimination based on lack

23   of promotions and lateral transfers and thus this part of her "amended" or fourth charge was

24   encompassed within her third charge.  Plaintiff Walther did not file suit within 90 days of

25   receiving her right-to-sue letter as to her third charge and her age discrimination claim is

26   time-barred. However, Plaintiff Walther further alleged in her fourth charge circumstances

27   relating to retaliation which had not been encompassed within her third charge. Plaintiff

28   Walther asserted a retaliation claim in her "amended" or fourth charge and a retaliation claim

1    has been asserted in the instant lawsuit. Plaintiff Walther therefore may proceed on her

2    retaliation claim as she filed suit within 90 days of receiving the right-to-sue letter regarding

3    her fourth charge.

4        Plaintiffs cannot represent class members if the latter's own claims are time-barred

5    when they file suit.  Once a plaintiff files a separate administrative charge, he or she cannot

6    rely any further on the other claimant's actions and must timely file suit after receiving the

7    right-to-sue letter.  Anderson v. Unisys Corp., 47 F.3d 302, 209 (8th Cir. 1995)("[e]ven if

8    those plaintiffs are piggybacking on another employee's timely administrative charge, once

9    they file separate administrative charges, they cannot rely any further on the other claimant's

10   actions and must timely file suit after receiving their right-to-sue letters"); Gitlitz v.

11   Compagnie Nationale Air France, 129 F.3d 554, 557-58 (11th Cir. 1997)(same).  Plaintiffs

12   Eidenbock, Freese, Kearney and Warg cannot rely upon the charges of Plaintiffs Walther and

13   Bennett to revive their own time-barred claims.

14       **Accordingly**,

15       **IT IS ORDERED** that Plaintiffs' motion for extension of time to file response (Doc.

16   7) is granted.

17       **IT IS FURTHER ORDERED** that Defendant's motion to dismiss the complaint

18   (Doc. 6) is granted in part and denied in part.

19       **IT FURTHER ORDERED** that Defendant's motion to dismiss the complaint as to

20   Plaintiffs Eidenbock, Freese, Kearney and Warg is granted and the claims asserted by these

21   Plaintiffs are dismissed with prejudice.

22       **IT IS FURTHER ORDERED** that Defendant's motion to dismiss the complaint as

23   to Plaintiffs Walther and Bennett is granted as to these Plaintiffs' claims based on age

24   discrimination.

25   ///

26   ///

27   ///

28   ///

1     **IT IS FURTHER ORDERED** that Defendant's motion to dismiss the complaint as

2   to Plaintiffs Walther and Bennett is denied as to these Plaintiffs' claims based on retaliation.

3     Dated this 29th day of September, 2006.

4

5

6

7                                   Mary H. Murgula
                                    United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28